| JOSEPH HAMLIN, JR. | NO. 24-C-635 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| SHELL USA, INC., THE KANSAS CITY SOUTHERN RAILWAY COMPANY AND CANADIAN PACIFIC KANSAS CITY LIMITED | COURT OF APPEAL STATE OF LOUISIANA |

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

January 08, 2025

Linda Wiseman
First Deputy Clerk

IN RE SHELL USA, INC. AND THE KANSAS CITY SOUTHERN RAILWAY COMPANY

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE ROCHELLE C. FAHRIG, DIVISION "D", NUMBER 92,346

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Timothy S. Marcel

**WRIT DENIED; STAY DENIED**

Defenants/relators, Shell USA, Inc. and The Kansas City Southern Railway Company, seek review of the trial court's December 11, 2024 ruling granting the motion to exclude expert testimony/Daubert motion of Douglas Morr filed by plaintiff, Joseph Hamlin, Jr.[1]

In the motion to exclude expert testimony, plaintiff asserted the Mr. Morr's methodology was unreliable and does not satisfy the requirements of expert testimony set forth in La. C.E. art. 702 or Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). In opposition, relators argued that Mr. Morr, a biomechanical engineer, was qualified to testify and his opinions were reliably based on sufficient facts and data.

---

[1] The trial court signed a written judgment relative to this ruling on December 20, 2024.

The trial court conducted a <u>Daubert</u> hearing on the motion to exclude Mr. Morr, among other motions, and granted plaintiff's motion. In granting the motion, the trial court stated oral reasons on the record as follows:

> At this point, I'm going to grant the request by the plaintiff to exclude Mr. Morr's testimony as an expert at the trial based upon, I think, failure to meet the burden of proof incumbent upon the individual seeking to introduce and to have that expert at trial based upon evidentiary matters.
>
> Under 14:25 [sic], the Code requires me to note that that is part of the basis of my denial. So as to the reasons for judgment, I'm going to say that I don't believe that the evidence presented at the hearing satisfied the requirements under the Code for purposes of establishing that the witness satisfies the Daubert test.

La. C.E. art. 702 states:

> A. A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise *if the proponent demonstrates to the court that it is more likely than not that*:
>
> (1) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (2) The testimony is based on sufficient facts or data;
>
> (3) The testimony is the product of reliable principles and methods; and
>
> (4) The expert's opinion reflects a reliable application of the principles and methods to the facts of the case.
>
> [Emphasis added.]

The trial court performs the important gatekeeping role of ensuring "that any and all scientific testimony or evidence admitted is not only relevant, but reliable." <u>Blair v. Coney</u>, 19-795 (La. 4/3/20), 340 So.3d 775, 781. A district court is afforded broad discretion in determining whether expert testimony is admissible, and the court's decision relative thereto shall not be overturned absent an abuse of that discretion. <u>Id.</u> In a <u>Daubert</u> hearing, the proponents of the proposed expert testimony bear the burden of proving that the proposed expert methodology employed by the proposed expert is generally accepted in the appropriate or relevant scientific community. La. C.E. art. 702; <u>Boudreaux v. Bollinger Shipyard</u>, 15-1345 (La. App. 4 Cir. 6/22/16), 197 So.3d 761, 764.

In opposition to the motion to exclude Mr. Morr, relators did not attach an affidavit from Mr. Morr or his deposition. In addition, relators did not call Mr. Morr as a witness

at the <u>Daubert</u> hearing.  Although relators attempted to introduce Mr. Morr's *curriculum vitae*, expert report, and calculations into evidence at the hearing, the trial court declined to admit them and relators did not proffer them into the record.[2]  Relators also have not challenged the trial court's refusal to admit these exhibits into evidence.

The transcript of the hearing also provides extensive discussion and explanation in the form of argument of counsel to the trial court regarding methodology, reliability, and the extent to which Mr. Morr's testimony could assist the jury.  According to counsel for defendant/relator, there are extensive photographs of the interior of the locomotive, and an interior video of the entire incident taken from four different camera angles which show all of plaintiff's body movements. The video will presumably be admitted and viewed by the jury frame by frame to show how the alleged injury occurred.

Upon review of the limited record, we cannot say the trial court abused its discretion in finding relators failed to meet their burden of proof that Mr. Morr satisfied the requirements set forth in La. C.E. art. 702 or <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Accordingly, we find no abuse of discretion in the trial court's granting of plaintiff's motion to exclude Mr. Morr's testimony. We therefore deny this writ and the request for a stay.

Gretna, Louisiana, this 8th day of January, 2025.

**SJW**
**JJM**
**TSM**

---

[2] Plaintiff's Opposition brief, page 3, quotes the trial memorandum in support of his motion to exclude the opinion of Mr. Morr, which twice refers to "Mr. Morr's proffered testimony."  Apparently this was anticipatory or hypothetical, inasmuch as we can find no proffer of the excluded exhibits.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/08/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-635**

**E-NOTIFIED**
29th Judicial District Court (Clerk)
Honorable Rochelle C. Fahrig (DISTRICT JUDGE)
Bristol A. Baxley (Respondent)          Cherrell S. Taplin (Relator)
                                        Alexander J. Baynham (Relator)
                                        Joel T. Chaisson, II (Respondent)
                                        Corey M. Oubre (Relator)

**MAILED**